February 14, 1939

Dr. Ceo. W. Cox
State Board of Health
Austin, Texas

Dear Sir:

Opinion No. C-58
Re: Sec. 21, Chapter 41, Laws
of the 40th Legislature, re-
garding fees to be collected
by the State Registrar for
the issuance of certified
copies

Your request for an opinion on the following
questions:

"Are the fees paid by the U. S. Bureau
of the Census for these transcripts, issued
under this exception to Section 21, fees of
office?

Can the State Registrar, appointed
under the authorization of Section 4 of
this Act, accept the appointment as
'Special Agent' of the Bureau of the Cen-
sus and act as disbursing agent in hand-
ling these fees?"

has been received by this office.

Section 21, Chapter 41, General and Special
Laws of the First Called Session of the 40th Legis-
lature prescribes certain fees to be collected by the
State Registrar for the issuance of certified copies
of birth and death certificates; this Act makes two
exceptions to the collection of the required fee,
the second exception being "that the U. C. Census
Bureau may obtain without expense to the State, trans-

scripts or certified copies of births and deaths without payment of the fee herein prescribed."

The members of the legislature intended that the U. S. Census Bureau should have access to the records of the Registrar of Vital Statistics and obtain, without expense to the State, transcripts of births and deaths if they so desired. However, if the Registrar of Vital Statistics contracted with the Bureau of the Census to furnish the transcripts, it appears to us that to fulfill the contract would require at least some effort and some of the time of the Registrar. The time required of the Registrar and any equipment belonging to the State of Texas, used in the preparation of the transcripts, would constitute expense to the State of Texas.

The compensation received from the Bureau of the Census for the transcription of births and deaths, in our opinion, would be fees of office.

Your second question arises because of Article 16, Section 33 of the Constitution of Texas, which reads as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this state or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States."

The position of "Special Agent" requires the taking of an oath and is a place of trust involving also an element of profit and loss, in addition to the small emolument provided for "Special Agents". The acceptance of the appointment by the State Registrar violates the Constitution as quoted above.

Dr. Geo. W. Cox, February 14, 1939, Page 3


It is the opinion of this Department that the State Registrar cannot accept the appointment of "Special Agent" of the Bureau of Census while he is acting as Registrar of the Bureau of Vital Statistics and is a salaried State officer.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By

Morris Hodges
Assistant

MH:ob

APPROVED:

(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS